United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUTTERFLY, INC., | No. CR 12-3671 SI |
| Plaintiff, | **ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE, AND EXPEDITED DISCOVERY; SETTING HEARING RE: PRELIMINARY INJUNCTION** |
| v. | |
| FOREVERARTS, INC. and HENRY ZHENG, | |
| Defendants. | |

On July 13, 2012, plaintiff Shutterfly, Inc. filed a complaint against defendants ForeverArts, Inc. and Henry Zheng. Shutterfly's complaint alleges, *inter alia*, copyright infringement of its photobook website. Defendant Zheng is a former employee of Shutterfly. Shutterfly alleges that prior to leaving its employment, Zheng wrongfully copied Shutterfly's proprietary code and has recently used it to establish American and Chinese competitor websites. The same day it filed the complaint, Shutterfly filed an *ex parte* motion seeking a temporary restraining order to prevent Zheng from deleting any of the code he uses related to Shutterfly, along with a request for expedited discovery prior to a preliminary injunction hearing. For the foregoing reasons, and for good cause shown, the Court GRANTS Shutterfly's request.

**BACKGROUND**

Shutterfly describes itself as "an internet-based social expression and personal publishing service." Compl. ¶ 8. It is traded on the NASDAQ stock exchange and based in Redwood City, California. *Id.* Shutterfly's flagship product is a photo book line, which allows customers to order

prints of photos in professionally bound coffee table books. *Id.* Customers do so through Shutterfly's website. The code that comprises the user interface, the "front end" of the website, is publically accessible. It is also copyrighted. The website also has "back end" code, which is not made available to the public. Compl. ¶ 11. Shutterfly states that the back end code is a trade secret that it protects through the use of a secure office and requiring employees to sign confidentiality agreements barring disclosure of information related to the code. Compl. ¶¶ 11-12.

Zheng was hired by Shutterfly in 2007. Compl. ¶ 14. When he was hired, Zheng signed an "Employee Invention Assignment and Confidentiality Agreement," which prohibited him from using or disclosing Shutterfly's proprietary information without the prior written consent of the company. Compl. ¶ 14; Navin Decl., Ex. 2. The agreement also required Zheng to return any documents or materials pertaining to his work to Shutterfly upon termination of his employment. *Id.* During his employment, Zheng became a Senior Engineering Manager. On September 26, 2011, Zheng announced to his colleagues that he was leaving Shutterfly for a "different career opportunity" and that his last day would be October 7, 2011. Compl, ¶ 15. On that day, prior to leaving Shutterfly, Zheng signed a "Proprietary Agreement Termination Certificate" which stated, *inter alia*, that he had not "failed to return any devices, records, data, notes . . . [or] other documents or property or reproductions of any aforementioned items belonging to Shutterfly." *Id.* Since leaving, Zheng has described himself on employment related website Linked In as an "Entrepreneur at Stealth Startup." Compl. ¶ 15; Lerner Decl. Ex. D.

Shutterfly states that its "Source Control Logs" show that on October 5, 2011, two days prior to leaving the organization, Zheng accessed and downloaded its back end code. Freeman Decl. ¶ 5. The IP addresses listed in the logs show that Zheng downloaded the code while at work and from an offsite location. *Id.* ¶ 6.

Around June 25, 2012, Shutterfly became aware of a competing website, foreverarts.com. Compl. ¶ 17. The website for the California Secretary of State shows that the articles of incorporation for ForeverArts, Inc. were filed on March 26, 2012, and have Jingbo Zheng listed as the agent for

service of process. *Id.* Shutterfly believes Jingbo Zhen is an alias for defendant Henry Zheng. In support, Shutterfly cites to comments made on various websites, including a posted statement that "A friend in our tiny network (Henry) is starting a photobook startup http://www.foreverarts.com. If you ever used Shutterfly to make a photobook, ForeverArts will be 10 times better." Compl. ¶ 18; Lerner Decl., Ex. H.

Shutterfly alleges that the front end code used for foreverarts.com is simply a copy of its own web code, replacing "Shutterfly" with "foreverarts" or "yinquduo". Compl. ¶ 20; Pfeffer Decl. ¶ 4. Shutterfly provides examples of duplicate code from Shutterfly.com and foreverarts.com. Compl. ¶ 20; Pl.'s Mot. for TRO (the "TRO Motion") at 5. Shutterfly believes that foreverarts also uses the back end code of its website. Shutterfly alleges that "[w]ithout using Shutterfly's back end code it would be difficult for the front and back end to communicate properly." Compl. ¶ 21.

Finally, Shutterfly states that a website called yinquduo.com was registered in February of 2011. Compl. ¶ 22. The website allegedly appears to be using the same photo book application as foreverarts.com. *Id.* The name of the registrant for the website is Jingo Zheng, and Zheng's address is near Shanghai. *Id.*

Shutterfly asserts three claims: copyright infringement, misappropriation of trade secrets, and breach of contract (against Zheng only). Compl. ¶¶ 23-44. In its motion, Shutterfly seeks a temporary restraining order to prevent destruction of documents and code related to its products, along with expedited discovery prior to the preliminary injunction hearing.

**LEGAL STANDARD**

The legal standard for preliminary injunctive relief requires a party to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (*quoting Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is the same.

3

*DHL Worldwide Network N.V./S.A. v. Tradebeam, Inc.*, 2005 WL 196529, *1 (N.D. Cal. Jan. 28, 2005) (Smith, J.).

Pursuant to Fed. R. Civ. P. 65(b), a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and (B) the movant's attorney certifies in writing that any efforts made to give notice and the reasons why it should not be required."

## DISCUSSION

The Court finds that narrow, temporary injunctive relief is warranted here. Temporary restraining orders and expedited discovery have been ordered in this District under similar circumstances. *See KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 898 (N.D. Cal. 2010) (Whyte, J.) (in case alleging trade secret misappropriation by former employees, court ordered temporary restraining order prohibiting defendants from destroying evidence and requiring defendants to preserve electronic evidence).

First, Shutterfly has sufficiently established that it is likely to succeed on the merits of at least its copyright claim. "To demonstrate infringement of a copyrighted computer code, Plaintiff has the burden of showing (1) that it owns a valid copyright in the code it alleges to have been copied, and (2) that Defendant copied constituent, original elements of that code." *KnowledgePlex, Inc. v. Placebase, Inc.*, C 08-4267 JF (RS), 2008 WL 5245484, *9 (N.D. Cal. Dec. 17, 2008). Copying may be shown by circumstantial evidence of access and substantial similarity of both the general ideas and expression between the copyrighted work and the allegedly infringing work. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994). Shutterfly has provided evidence that it has a registered copyright for its code, and that the code was directly copied and used on the foreverarts.com website. Lerner Decl., Ex. B., Pfeffer Decl. ¶ 4.

Second, Shutterfly will likely suffer irreparable harm in the absence of an injunction if

defendants delete or destroy the sought after evidence. Shutterfly's concern is particularly focused on the existence of a Chinese version of the allegedly infringing website. According to Shutterfly, "if Defendants are not ordered to preserve the most crucial evidence, they can immediately delete all the code files that exist in the United States, and transfer their operations to China. Shutterfly will be left with little in the way of a meaningful remedy." Pl.'s Mot. at 10. The Court finds that this is a sufficient showing of irreparable harm for this narrowly tailored injunction.

Regarding the balance of harms, the temporary restraining order seeks only to prevent "destruction of any current or archived electronic logs, metadata, or directors that relate to Shutterfly, including any Shutterfly code, as well as any emails and electronic documents that relate to Shutterfly." Simply prohibiting the destruction of evidence will not burden defendants. Courts have held that where "the injunctive relief sought [] is specific to the use of proprietary information" and "does not extend to [] business activities or to relationships that are not predicated upon proprietary, confidential, or trade secret information belonging to" plaintiffs, then the balance of hardships weigh in favor of granting a temporary restraining order. *TMX Funding, Inc. v. Impero Techs., Inc.*, 2010 WL 1028254, *8 (N.D. Cal. Mar. 8, 2010) (Fogel, J.); *Wyndham Resort Dev. Corp. v. Bingham*, 2010 WL 2720920, at *7 (E.D. Cal. Jul. 8, 2010).

Parties may only seek a temporary restraining order *ex parte* if they can establish "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). The Ninth Circuit has recognized a "very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The Court finds that these circumstances warrant such relief. The evidence currently before the Court suggests defendant ignored signed obligations regarding the code at issue, and the existence of the duplicate Chinese website suggests that defendants may be able to use the code to the injury of plaintiff even if it is destroyed here.

The Court therefore GRANTS plaintiff's request for a temporary restraining order. The Court

hereby ENJOINS defendants from destroying any current or archived electronic logs, metadata, and directories that relate to Shutterfly, including any Shutterfly code, as well as any emails and electronic documents that relate to Shutterfly. Because the temporary restraining order is being issued without notice, "the motion for a preliminary injunction must be set for hearing at the earliest possible time." Fed. R. Civ. P. 65(b)(3). **The Court sets the preliminary injunction hearing for 9:00 a.m. on July 27, 2012,** and ORDERS DEFENDANTS TO SHOW CAUSE, on or before that date, why the preliminary injunction should not issue. The Court also GRANTS plaintiff's request for limited expedited discovery prior to the preliminary injunction hearing. This includes Shutterfly's request for production of documents in the Lerner Declaration, Exhibit K, and a four hour deposition each of Henry Zheng and ForeverArts, Inc.

**IT IS SO ORDERED.**

DATED: July 13, 2012

_____
SUSAN ILLSTON
United States District Judge